UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

BRIAN FISHBACK     PLAINTIFF

v.     CIVIL ACTION NO. 1:21-CV-97-GNS

WARREN COUNTY FISCAL COURT/
JUDGE-EXECUTIVE MIKE BUCHANNON *et al.*     DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil action filed by Plaintiff Brian Fishback. Plaintiff has filed an application to proceed without prepayment of fees. Upon consideration, **IT IS HEREBY ORDERED** that the application (DN 3) is **GRANTED**. The Court must now conduct a screening of this action pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I.**

Plaintiff initiated this action by filing a non-prisoner complaint form for a civil case.[1] On the form, he indicates that he resides in Bowling Green, Kentucky. He sues Warren County Fiscal Court Judge-Executive Mike Buchannon, the Bowling Green City-County Planning Commission Board, and the Bowling Green Board of Commissioners. Plaintiff checked the box which indicates that this Court has jurisdiction over this action because a "federal question" is presented. In the section of the complaint form which asks him to list the federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case, Plaintiff wrote "Conflict of Interest" and "Ethics Law Violations." The complaint contains no other information.

---

[1] Plaintiff actually filed two nearly identical actions on the same day. The second-filed action, No. 1:21-CV-98, was consolidated into the instant action.

Plaintiff filed two attachments to the complaint. In the first, he writes, "I am filing this legal documentation to encourage and ask this court for completely halting and dismantling the Transpark that is located in the area of northern Warren County, Kentucky." Plaintiff then alleges that the Transpark was "illegally voted for" by the Bowling Green City Commission seventeen years ago. Plaintiff states one of the Board members included an individual "who was working for, or was apart of, the [Western Kentucky University] WKU faculty administration . . . so this is a "Conflict of Interest" and violates "ethics law code" because "WKU was planned to be a part of the Transpark." Plaintiff also makes allegations against current "BG City Commission Board Members" whom he alleges "are in Conflict of Interest" or "are violating ethics law" in regard to the Transpark.

Plaintiff then states:

> I am asking this court to grant a "stay" to stop the construction of the planned Transpark . . . and to start the deconstruction of this planned "Transpark" since this Transpark does harm to people's neighborhoods . . . these people [] have been living in this area of this planned Transpark for about 50 years . . . and . . . did not want this Transpark to be built near their neighborhoods. . . .

Plaintiff makes similar allegations and requests in the second attachment to the complaint.

**II.**

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction

bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377.

Plaintiff indicates that the Court has federal-question jurisdiction over this action. Under the federal-question statute, 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff fails to cite to any federal statute, federal treaty, and/or provision of the United States Constitution which would provide this Court with federal-question jurisdiction, and the Court can no discern no allegation which would form the basis of a federal claim.

The Court additionally notes that the complaint fails to establish diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are all citizens of Kentucky. *See* § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

**III.**

For the foregoing reasons, the Court will dismiss this action pursuant to Rule 12(h)(3) for lack of subject-matter jurisdiction.

Date: July 12, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
4416.011